IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MICHAEL NATHANIEL WILLIAMS,          :
  #244-134
      Petitioner                      :

              v.                      :   CIVIL ACTION NO. DKC-14-2129

RICHARD DOVEY, et al.,               :
      Respondents

**MEMORANDUM OPINION**

The Respondents move to dismiss Michael Nathaniel Williams's Petition for a Writ of Habeas Corpus as time-barred pursuant to 28 U.S.C. § 2244(d). (ECF No. 6). Williams was granted an opportunity to reply (ECF No. 7), and has chosen not to do so. After reviewing the Petition and the Response, the court finds no need for an evidentiary hearing. *See* Rule 8(a), *Rules Governing Section 2254 Cases in the United States District Courts; see also* 28 U.S.C. §2254(e)(2). For reasons set forth herein, the court shall dismiss the Petition as time-barred.

**Procedural History**

On July 13, 1994, a jury in the Circuit Court for Prince George's County convicted Williams of assault with intent to murder, use of a handgun in the commission of a felony or crime of violence, housebreaking, and assault and battery. (ECF No. 6-1, p. 2).[1] On August 24, 1994, Williams was sentenced to 30 years' incarceration. *Id*.

On direct appeal, the Court of Special Appeals of Maryland on June 14, 1995, filed an unreported opinion vacating the sentence for housebreaking and remanding the case for resentencing on that count. The appellate court otherwise affirmed the judgment. (ECF No. 6-2).

On August 7, 1995, the circuit court resentenced Williams to serve three years for housebreaking, concurrent to his sentence for assault with intent to murder. (ECF No. 6-1, p. 8).

---

[1] Citation reflects that of the electronic docket.

Williams did not appeal this ruling, which became final on September 6, 1995. *See* Md. Rule 8-202 (requiring notice of appeal to be filed within 30 days of judgment from which appeal is sought).

On November 5, 1999, Williams filed a petition for post-conviction relief in the circuit court. (ECF No. 6-1, pp. 8-9). Following a hearing, on September 19, 2000, the post-conviction court resentenced Williams on the housebreaking count, but otherwise denied post-conviction relief. (*Id.*, p. 9). Williams did not file a timely application for leave to appeal the decision; thus, the new sentence for housebreaking, and the denial of other post-conviction claims, became final on October 19, 2000. *See* Md. Rule 8-204(b) (providing that application for leave to appeal be filed within 30 days after entry of judgment or order from which appeal is sought); *see also* Md. Rule 8-202.

More than a decade later, on August 5, 2011, Williams filed a motion to reopen post-conviction proceedings, which was denied on August 24, 2011. (ECF No. 6-1, p. 14). On September 15, 2011, Williams filed a motion to correct an illegal sentence, which was denied on October 11 and October 26, 2011. *Id*. On November 4, 2011, Williams again sought to reopen post-conviction proceedings. His request was denied on March 9, 2012. *Id*. Williams' application for leave to appeal this ruling was denied on February 15, 2013, with the court's mandate issuing on March 11, 2013. *Id*. On October 18, 2012, Williams filed another motion to correct an illegal sentence, which was denied on February 1, 2013. (ECF No. 6-14). He re-filed the motion on March 25, 2013, which was denied again by the circuit court on May 30, 2013. *Id.* The Court of Special Appeals affirmed that ruling in an unreported opinion filed on January 27, 2014. *Id.*

On June 27, 2014, the Clerk received Williams' habeas corpus Petition, signed June 16, 2014,[2] wherein Williams raises two allegations concerning the legality of his sentence and an allegation that the sentence is not properly reflected in his commitment record or the court docket. ECF No. 1, p. 7. Williams indicates that his allegations should be deemed timely by this court because Maryland rules permit petitions for correction of sentences to be raised at any time. *Id.,* p. 6.

**Analysis**

Respondents argue that the Petition is time-barred. The one-year period which applies to habeas petitions begins to run on the date on which the judgment became final by the conclusion of direct review or (if no appeal is taken) upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). Here, the limitations period began to run no later than October 19, 2000, after Williams was resentenced. Between October 19, 2000 and October 19, 2001, there were no proceedings in state court that would have tolled the limitations period of 28 U.S.C. § 2244(d). Williams presents no grounds to support an argument that the limitations period should be statutorily tolled in his favor.

In order to be entitled to equitable tolling of the limitations period, Williams must establish that either some wrongful conduct by Respondents contributed to the delay in filing his federal habeas corpus petition, or that circumstances beyond his control caused the delay. *See Rouse v. Lee*, 339 F. 3d 238, 246 (4th Cir. 2003); *Harris v. Hutchinson,* 209 F. 3d 325, 328 (4th Cir. 2000). "[A]ny resort to equity must be reserved for those rare instances where . . . it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Id.; see also Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (recognizing that equitable

---

[2] The Petition is deemed filed on the date it was signed. *See Houston v. Lack*, 487 U.S. 266 (1988); *Lewis v. Richmond City Police Department*, 947 F.2d 733, 734-35 (4th Cir. 1991); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998).

tolling requires a showing that the petitioner "has been pursuing his rights diligently, and . . . that some extraordinary circumstance stood in his way."); *Holland v. Florida*, 130 S.Ct. 2549, 2562 (2010) (equitable tolling limited to the extraordinary circumstance).

It is not disputed that between August of 2011 and January of 2014, Williams repeatedly attempted to reopen his state post-conviction proceedings and petition for correction of his sentence. That diligence, however, does not defeat Respondents' argument concerning the one-year limitations period which had long since expired.

Nothing in the record suggests that misconduct or some extraordinary circumstance prevented Williams from timely filing in this court following the first completion of state post-conviction review of his sentence. To the extent the delay might be attributed to his lack of understanding of the law, unfamiliarity with the law may not be used to justify equitable tolling. *See United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004).

Williams has failed to satisfy his burden to demonstrate that equitable tolling is warranted, and his claims for habeas corpus relief are time-barred. For the reasons stated herein, the court will deny and dismiss the Petition. A Certificate of Appealability will not issue because Williams has not made a "substantial showing of the denial of a constitutional right."[3] A separate Order follows.

  October 10, 2014  　　　　　　　　　　　　　　　　　　／s／　　　　　　　　　　　　　　
Date　　　　　　　　　　　　　　　　　　　　　DEBORAH K. CHASANOW
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

---

[3] When a district court dismisses a habeas petition solely on procedural grounds, a Certificate of Appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rouse v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack v. Daniel*, 529 U.S. 473, 484 (2000)). Denial of a Certificate of Appealability in the district court does not preclude Williams from requesting a Certificate of Appealability from the appellate court.